Hillsborough, } No. 3681.
Oct. 7, 1947.

EDWARD B. STEARNS & a. v. CLARA C. MATTHEWS & a.

*George I. Hazelton,* for the plaintiffs, furnished no brief.

Edwin R. Sparrow and James A. Bailey of Massachusetts (by brief) for the defendant executors of the will of Helen C. Phillips, Elmer C. Matthews and Barbara T. Borden.

BLANDIN, J. The share of Helen C. Phillips, devised to her under the clause of the will to be construed, became part of the residue and should be disposed of under the provisions of the residuary clause. The law is too well settled in this jurisdiction to require extended citation, that the testator's intent is the sovereign guide in the interpretation of a will, and this intent being ascertained, the court must enforce it unless it is illegal or impossible to do so. *Osgood* v. *Vivada*, ante, 222; *Peaslee* v. *Rounds*, 77 N. H. 544, 545, and cases cited.

In the case before us the testator by the 18th clause of his will gave his daughter, Helen, an equitable life estate only, and even invested the trustees with discretion as to the times of payment. The remainder over was to go to her children. Had he desired her to have a different estate it seems probable he would have said so. The will is carefully drawn and shows in numerous instances, as in clauses 19, 20, 21 and 25 that he was aware of the possibility of a failure of issue and knew how to provide for such a contingency when he so desired.

In *West* v. *Chase*, 92 N. H. 104, a will devised a legal life estate with no specific disposal of the remainder. The life tenant there was also one of the residuary legatees as is the case here. The court stated in its opinion that in such cases the law was well established, that the remainder passed under a general residuary clause. There seems to be no reason for any distinction between legal and equitable estates in such situations, nor do the authorities appear to make any. 69 C. J. 422, notes 56-58. See also, *Vandewalker* v. *Rollins*, 63 N. H. 460.

The fact that the testator gave his daughter, Helen, only an equitable estate for life and invested the trustees with discretion would strengthen the conclusion that he intended no fee to her under this clause of the will. In the recent case of *Belford* v. *Olson*, ante, 278, it was held that a legal life estate to the testator's wife with complete power of disposition, and the unexpended remainder to certain other beneficiaries, creates only a life estate in the wife and not a fee. The argument in that case in favor of a fee appears to be stronger than in the one before us and it is our conclusion that the daughter, Helen, took no fee.

It has already been decided by this court in construing the will of Noah S. Clark that the interest of the legatees including the daughter, Helen, in the one-eighth part of the residuum under the 25th clause of the will vested at the death of Noah. *Flanders* v. *Parker*, 80 N. H. 566.

Therefore the executors of the will of the daughter, Helen, are entitled to one-eighth of $4,223.94, which she took under this clause. The grandchildren, Edith C. Hill, Irene M. Tripp and Elmer C. Matthews took a vested interest in three-eighths of the residue under clause 25, there being no uncertainty as to their right of enjoyment, their right of possession only being deferred until the death of the widow, and thereafter until the youngest or the survivor reached the age of thirty-eight. *Kennard* v. *Kennard*, 63 N. H. 303; *Vandewalker* v. *Rollins, supra; Flanders* v. *Parker, supra; Upton* v. *White*, 92 N. H. 221, and cases cited.

In addition to these grandchildren a vested remainder was also taken under the same clause by Edward W. Clark, son; Clara C. Matthews, daughter, and George M. Clark, nephew. Charles C. Clark, also a nephew, predeceased the testator and apparently his share lapsed and would descend to his heirs in the descending line at the time of his death, these heirs being Hazel M. Annis and Leola M. Grant. R. L., c. 350, s. 12; *Flanders* v. *Parker, supra.*

Therefore the trustees are instructed that they should make distribution as follows: one-eighth to the executors of Helen C. Phillips; one-eighth to Edith C. Hill; one-eighth to the personal representative of her father Edward W. Clark; one-eighth to the grandchild, Elmer C. Matthews; one-eighth to the executor of the will of the grandchild, Irene M. Tripp; one-eighth to Clara C. Matthews; one-eighth to the personal representative of George M. Clark, deceased; one-eighth to be divided equally between Leola M. Grant, daughter of Charles C. Clark and John H. Annis, executor of the will of Hazel M. Annis.

*Case discharged.*

All concurred.